## CONTINUATION

I, Zachary Eitrem, declare the following under penalty of perjury:

**INTRODUCTION, AGENT BACKGROUND, AND PURPOSE OF THE WARRANT**

1. The facts of this case, as more fully detailed below, reveal that Elder Hugo FAUSTINO-Pacheco, a native and citizen of Mexico, was previously removed from the United States, and later reentered the United States without permission at an unknown date.

2. I am familiar with the information contained in this continuation based upon the investigation I have conducted and based on information provided to me by other law enforcement officers. The facts in this continuation come from my personal observations, training, experience, and information obtained from other agents and witnesses. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

3. Title 8, United States Code, Section 1326(a) criminalizes reentry without permission of aliens who have been previously removed. The elements of the offense are that: (1) the person is an alien; (2) the person was removed from the United States; (3) the person is thereafter found in the United States; and (4) the person did not obtain permission from the Secretary of Homeland Security to reapply for admission. 6 U.S.C. § 557. The offense is punishable by up to two years in prison. 8 U.S.C. § 1326(a).

4. I, Border Patrol Agent (BPA) Zachary Eitrem, am a United States Border Patrol Agent with the United States Department of Homeland Security, United States

Border Patrol. I have been employed in this capacity since January 25, 2016. Currently, I am assigned to the Sault Ste. Marie Border Patrol Station. As part of my duties as a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, including violations pertaining to the reentry of removed aliens, in violation of 8 U.S.C. § 1326(a) Reentry of Removed Aliens. I graduated from the Federal Law Enforcement Training Center's (FLETC) Training Program, where I was trained in immigration law.

5. This continuation contains information necessary to support a finding of probable cause to charge FAUSTINO-Pacheco with a violation of 8 U.S.C. 1326(a), which makes it a crime for any alien that has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, to thereafter enter, or at any time be found in, the United States.

6. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and records checks of law enforcement databases. I have reviewed the official immigration file relating to FAUSTINO-Pacheco, which attests to the following.

### FACTS ESTABLISHING PROBABLE CAUSE

7. On November 30, 2016, FAUSTINO-Pacheco was encountered in the United States near Otay Mesa, California. FAUSTINO was held as a material witness and on December 28, 2016, received a Voluntary Return to Mexico.

8. On January 2, 2017, FAUSTINO-Pacheco was encountered in the United States near Otay Mesa, California. FAUSTINO- Pacheco received a final order of

Expedited Removal with a 20-year entry ban and was returned to Mexico from San Ysidro, CA on January 4, 2017.

9. On June 6, 2025, FAUSTINO-Pacheco was arrested and charged with Operating While Intoxicated and Open Container by the Missaukee County Sheriff's Office near McBain, Michigan. On June 7, 2025, BPA Caldwell responded to the Missaukee County Jail. BPA Caldwell transported FAUSTINO-Pacheco to the Sault Ste. Marie, MI Border Patrol Station for further processing. On June 7, 2025, FAUSTINO-Pacheco received a Reinstatement of Prior Removal with a 20-year entry ban.

10. After arriving back at the Sault Ste. Marie Border Patrol Station, FAUSTINO-Pacheco was issued and read Form I-214 Warning as to Rights by BPA Skilbred and witnessed by Supervisory BPA Havens. FAUSTINO-Pacheco advised he understood his rights and was willing to talk without a lawyer present. FAUSTINO-Pacheco admitted to crossing the border illegally near Chula Vista, California without being inspected by an Immigration Official.

11. FAUSTINO-Pacheco was fingerprinted and photographed, and these were entered in the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results confirmed the identity of FAUSTINO-Pacheco and that he is a citizen of Mexico who has been previously removed from the United States. The record checks did not provide any evidence that FAUSTINO-Pacheco legally entered the United States or had been issued any legal immigration document to allow him to enter or remain in the United States. FAUSTINO-Pacheco received a Reinstatement of his Prior Order of Removal with

another 20-year entry ban.

12. Review of the digital file for FAUSTINO-Pacheco and queries in U.S. Border Patrol computer databases confirm no record exists of FAUSTINO-Pacheco obtaining the express permission from the Secretary of the Department of Homeland Security to reenter the United States following his last removal.

## CONCLUSION

13. Based on my training and experience as a Border Patrol Agent and the information contained in this continuation, I submit that there is probable cause to believe that FAUSTINO-Pacheco reentered the United States after removal without the permission of the Secretary of Homeland Security, in violation of 8 U.S.C. § 1326(a), which makes it a crime to reenter the country following removal without permission of the Secretary of Homeland Security.